**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.                                                    Case No: 8:14-cv-2995-T-30TBM

JOHN DOE,

    Defendant.
_____

**ORDER**

    THIS CAUSE comes before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. #5).   Plaintiff filed this action alleging direct copyright infringement against Defendant for unlawfully copying and distributing original works for which Plaintiff holds the copyright (Dkt. #1).   Plaintiff has identified the Internet Protocol ("IP") address for Defendant from which the allegedly infringing conduct has occurred.   By the instant motion, Plaintiff seeks to issue a third-party subpoena to Defendant's Internet Service Provider ("ISP") to ascertain Defendant's true identity prior to the scheduling conference required under Rule 26(f), Federal Rules of Civil Procedure (Dkt. #5).

    Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference.   Fed. R. Civ. P. 26(d)(1).   A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however.   *See Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL

927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7*, 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008); Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Plaintiff established that it holds a copyright for an original work allegedly copied and distributed by Defendant through the use of BitTorrent protocol (Dkt. #3, Ex. B) and that a forensic investigation revealed potential infringement of Plaintiff's rights in that work by Defendant (Dkt. #7). Plaintiff has clearly identified the information sought through discovery by identifying the IP address of Defendant as well as the hit date, time, title of the works, ISP, and file hash values for the IP address (Dkt. #3, Ex. A) and shown that it has no alternative means to obtain Defendant's true identity and thus needs the subpoenaed information to properly advance its asserted claims in this action. Moreover, the information Plaintiff seeks is time sensitive because ISPs do not retain user activity logs for an extended duration. *See Arista Records*, 3:08-CV-18(CDL), 2008 WL 542709, at *1. If Plaintiff does not timely obtain Defendant's identifying information, Plaintiff may lose its ability to pursue its claims in this action. Accordingly, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference. After consideration, therefore, it is hereby

   **ORDERED AND ADJUDGED** that:

   1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. #5) is **GRANTED**.

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding it to provide Plaintiff with the true name, address, telephone number, and e-mail address of Defendant.  Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to Defendant.  Plaintiff shall attach a copy of the Complaint and this Order to any subpoena issued pursuant to this Order.

3. If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B), which provides that

> A cable operator may disclose [personally identifiable information] if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]

4. Upon receipt of the requested information in response to a Rule 45 subpoena served on an ISP, Plaintiff shall only use the information disclosed for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of December, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2995 rule 26 subpoena.docx